Luis L. Biamón, peticionario, *v.* Tribunal de Contribuciones de Puerto Rico, demandado.

Núm. 2.—*Sometido:* Enero 17, 1944. *Resuelto:* Julio 12, 1944.

*Brown, González & Newsom y Enrique Córdova Díaz,* abogados del peticionario; *Hon. Procurador General Interino M. Rodríguez Ramos y M. Velázquez Flores, Procurador General Auxiliar,* abogados del Interventor, Tesorero de Puerto Rico.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

El presente es un recurso de *certiorari* incoado de acuerdo con las disposiciones de la sección 5 de la Ley núm. 169 de mayo 15 de 1943, creando el Tribunal de Contribuciones de Puerto Rico.

Los hechos esenciales, admitidos por ambas partes litigantes, son los siguientes:

En marzo 15 de 1941, el peticionario Dr. Luis L. Biamón y su señora esposa, ciudadanos de Venezuela y vecinos de Guaynabo, P. R., radicaron planillas separadas de esposo y esposa en relación con sus respectivos ingresos durante el año que terminó el 31 de diciembre de 1940, pagando ambos en esa misma fecha la contribución sobre el importe de los ingresos declarados en dichas planillas. Estas fueron preparadas de conformidad con la Ley de Contribuciones sobre Ingresos entonces vigente.

En agosto 18 de 1941, el Tesorero de Puerto Rico envió al peticionario un aviso y requerimiento (*notice and demand*) notificándole que sus planillas para el año 1940 habían sido reliquidades de acuerdo con lo dispuesto por la Ley núm. 31 de abril 12 de 1941 y por la núm. 159 de 13 de mayo de 1941, por virtud de las cuales se enmendó la Ley de Contribuciones sobre Ingresos, con efecto retroactivo al primero de enero de 1940. Al hacer la reliquidación, el Tesorero consolidó las dos planillas para formar una sola y computó la contribución a ser pagada por el peticionario a base de los tipos fijados en dichas leyes para los ciudadanos extranjeros residentes en Puerto Rico. El peticionario fué requerido para que pagase la suma adicional de $479.20, en dos plazos, el primero dentro de los diez días siguientes al del aviso y el segundo en o antes del 15 de septiembre de 1941, con apercibimiento de que si no pagaba dentro de los términos fijados se le cobraría un recargo de 1 por ciento mensual desde la fecha del requerimiento.

No estuvo conforme el peticionario con las actuaciones del Tesorero y apeló para ante el Tribunal de Apelación de Contribuciones el día 10 de septiembre de 1941, entregando al Tesorero en esa misma fecha un cheque certificado por la suma de $96.82, que a su juicio era el importe de la contribución que él venía obligado a pagar de acuerdo con las dos mencionadas leyes enmendatorias, tomando como bases

las planillas separadas de esposo y esposa y el tipo aplicable a los ciudadanos americanos residentes en Puerto Rico.

Estando pendiente ante el Tribunal de Contribuciones la apelación interpuesta por el aquí peticionario, esta Corte Suprema rindió su decisión en el caso, de *Ballester* v. *Tribunal de Apelación de Contribuciones*, 61 D.P.R. 474, en el cual decidimos, de acuerdo con la contención del Tesorero, "que la disposición de la sección 13 de la Ley núm. 31, Leyes de Puerto Rico, 1941, que exige una sola planilla conjunta de esposo y esposa, no es nula en tanto en cuanto se aplica al ingreso declarado por el peticionario y su esposa para el año 1940"; y decidimos, también, de acuerdo con la contención del peticionario Ballester, que las disposiciones de la Ley de Contribuciones Sobre Ingresos, enmendada por la Ley núm. 159 de 1941, en tanto en cuanto disponen tipos de contribución sobre el ingreso de un extranjero residente más altos que los aplicables al ingreso de un ciudadano residente, son inconstitucionales y nulas porque infringen las cláusulas de la Carta Orgánica relativas a la igualdad en la protección de las leyes y a la uniformidad en las contribuciones.

Tan pronto como tuvieron conocimiento de nuestra decisión en el caso de *Ballester*, las partes estipularon que se dictara sentencia de conformidad con lo allí resuelto; y el tribunal así lo hizo. El Tesorero radicó entonces su cómputo de la contribución, según el cual el peticionario debía pagar la suma de $255.16, más intereses al 1 por ciento mensual desde agosto 18 de 1941, fecha en que fué impuesta y notificada la contribución, hasta la fecha de su definitivo pago. Se opuso el peticionario y su oposición fué declarada sin lugar por el Tribunal de Contribuciones por resolución dictada en noviembre 12 de 1943. En el presente recurso se nos pide que revoquemos dicha resolución.

Sostiene el peticionario que la "Notificación y Requerimiento" que le hizo el Tesorero en agosto 18 de 1941 no es una "deficiencia" ni tampoco un "jeopardy assessment" y sí una resolución administrativa, no siendo por tanto apli-

cables las secciones 57($f$) y 59($b$) de la Ley de Contribuciones Sobre Ingresos. Y cita en apoyo de su contención la decisión de esta Corte Suprema en *Ballester* v. *Tribunal de Apelación de Contribuciones,* 60 D.P.R. 768.

Tiene razón el recurrente. Los hechos de este caso son idénticos a los del caso de *Ballester* y lo allí resuelto es de estricta aplicación y debe servirnos de guía para la decisión de esta controversia.

En el citado caso de *Ballester* resolvimos que "una deficiencia es la cantidad por la cual la contribución impuesta por la Ley de Contribuciones sobre Ingresos excede de la cantidad declarada por el contribuyente como importe de la contribución", y que "la deficiencia tradicional surge, como ya se ha indicado, a virtud de un examen de la planilla del contribuyente y una determinación del Tesorero de que el contribuyentes *en la fecha en que rindió la planilla* debía una contribución sobre ingresos mayor, *bajo la ley que entonces regía,* a la que él declaró y pagó". Si aplicamos esta regla al caso de autos veremos que aquí tampoco hubo deficiencia en el sentido usual. Las planillas originales radicadas en marzo 15, 1941 por el peticionario y su esposa eran correctas de acuerdo con la ley entonces vigente. Lo que ahora se exige al peticionario es el pago de una contribución adicional autorizada e impuesta por virtud de leyes aprobadas con posterioridad (Leyes 31 y 159 de 1941) y a las cuales se dió efecto retroactivo al 1 de enero de 1940.

Tampoco se trata aquí de un "jeopardy assessment". No aparece del récord que existiera emergencia alguna que justificara o hiciera necesario que el Tesorero procediese por la vía del *jeopardy.* Por el contrario, en la "Notificación y Requerimiento" de agosto 8, 1941, el propio Tesorero informa al contribuyente que "si dentro del término de diez (10) días, a partir de esta fecha no fuere satisfecha *la cantidad de $239.60, importe del primer plazo de la nueva contribución* adeudada de acuerdo con la anterior liquidación, se cobrarán recargos a razón del 1 por ciento mensual desde la

fecha de este requerimiento''. La admisión por parte del Tesorero de que se trataba de una nueva contribución y de que ésta podía ser pagada a plazos demuestra claramente que lo que se notificó al peticionario en agosto 8 de 1941 no fué ni una deficiencia ni un ''jeopardy assessment'' y sí una ''resolución administrativa'' dentro del significado de la sección 4 de la Ley núm. 172 de 1941. Así lo resolvimos en *Ballester* v. *Tribunal,* supra, y así lo resolvemos en el presente caso por tratarse de hechos idénticos en ambos recursos.

▆▆▆ Nos toca ahora resolver si tratándose de una resolución administrativa el Tesorero está autorizado para exigir el pago de intereses.

La contención del peticionario ante el Tribunal de Contribuciones y ahora ante nos es que no estando envuelta en este recurso ni una deficiencia determinada por el Tesorero, ni una contribución determinada por el propio contribuyente en su planilla, el Tesorero carece de autoridad legal para exigir el pago de intereses; y que aun cuando se considerase que la notificación y requerimiento que dió motivo a este recurso se refería a una deficiencia, sólo procedería cobrar intereses al 6 por ciento anual desde la fecha de la notificación hasta que la deficiencia fué definitivamente tasada.

Para llegar a la conclusión de que el contribuyente en este caso está obligado a pagar los intereses reclamados por el Tesorero, el Tribunal de Contribuciones hizo grandes esfuerzos por distinguir el caso de autos del de *Ballester,* empezando por sostener que nuestra decisión de que la notificación y requerimiento que se hizo a *Ballester* no era ni una deficiencia ni un ''jeopardy assessment'' y sí una resolución administrativa se limitó ''únicamente a los efectos de juzgar sobre la jurisdicción del Tribunal de Apelación de Contribuciones''. Después de encerrar nuestra decisión dentro de los estrechos límites de la cuestión jurisdiccional, el tribunal llegó a la errónea conclusión de que aquello que no era ni podía ser la notificación de una deficiencia a los efectos del requisito jurisdiccional de la sección 57(*a*) de la Ley de Contribuciones sobre

Ingresos, podía y debía ser considerado como la notificación de una deficiencia a los efectos de la imposición y cobro de intereses de acuerdo con las secciones 57(f) y 59(b) de la misma ley. Bastará leer nuestra decisión en el caso de *Ballester* para comprender cuán errónea es la resolución del Tribunal de Contribuciones.

La Ley de Contribuciones sobre Ingresos impone al contribuyente la obligación de pagar intereses solamente en dos casos específicos:

El primer caso es aquél en que el Tesorero notifica una deficiencia al contribuyente, de acuerdo con lo dispuesto en las secciones 56 a 59, ambas inclusive. A ese efecto, la sección 57, en su inciso (f) dispone:

"(f) Los intereses sobre la cantidad determinada como deficiencia, o, si la contribución fuere pagada a plazos, sobre la parte de la deficiencia prorrateada a cada plazo, serán impuestos al mismo tiempo que la deficiencia, pagados mediante notificación y requerimiento del Tesorero, y cobrados como una parte de la contribución a razón del 6 por ciento anual desde la fecha prescrita para el pago de ésta, o para el pago de dicho plazo, hasta la fecha en que la deficiencia fuere tasada."

Cuando la deficiencia ha sido ya tasada por el Tesorero si no se efectúa el pago dentro del término fijado por dicho funcionario, entonces la suma adeudada devengará intereses a razón del 1 por ciento mensual. Así lo dispone la sección 59(b) de la ley.

El segundo caso en que la ley impone la obligación de pagar intereses a razón del 1 por ciento mensual desde la fecha en que debió pagarse la contribución, es cuando el contribuyente mismo ha determinado en su planilla el montante de la contribución y no la paga dentro del término fijado por la ley. Así lo dispone la sección 59(a) de la Ley de Contribuciones sobre Ingresos.

No existiendo disposición legal alguna que autorice al Tesorero para exigir en un caso como el de autos el pago de intereses al tipo del 1 por ciento mensual sobre la suma de

$255.16, que el peticionario venía obligado a pagar de acuerdo con el cómputo que fué practicado por el Tesorero en septiembre 20 de 1943, el tribunal recurrido erró al resolver que el Tesorero tenía derecho a exigir el pago de tales intereses.

Opinamos, sin embargo, y así lo resolvemos, que el peticionario está obligado a pagar intereses al tipo legal de 6 por ciento anual, desde agosto 18 de 1941, fecha en que fué requerido de pago por el Tesorero, hasta su definitivo pago sobre la suma de $158.34, o sea sobre la diferencia resultante entre la suma de $255.16 y la de $96.82 que el peticionario ofreció pagar al Tesorero mediante un cheque a favor de dicho funcionario y a cargo del Royal Bank of Canada, cheque que le fué devuelto por el Tesorero.

El peticionario pudo evitar el verse obligado a pagar intereses al tipo legal de 6 por ciento sobre la suma total de $255.16, pagando o consignando dicha suma a disposición del Tesorero. En vez de hacerlo así, el peticionario optó por retener dicha suma en su poder, ofreciendo pagar solamente la cantidad de $96.82, que era la que a su juicio él estaba obligado a pagar. Es justo que ahora pague intereses al tipo legal sobre la suma que durante todo ese tiempo ha retenido en su poder. Bajo las circunstancias del presente caso la fianza ofrecida por el peticionario al Tesorero y no aceptada por éste no puede tener el mismo efecto legal que el pago en efectivo o la consignación de la suma reclamada por el Tesorero y finalmente adjudicada por el Tribunal de Apelación de Contribuciones. Véanse artículos 1053 y 1061, Código Civil, edición 1930.

*Se modifica la resolución recurrida en el sentido de disponer que el peticionario está obligado a pagar intereses al tipo del 6 por ciento anual desde el día 18 de agosto de 1941 hasta su pago definitivo, pero solamente sobre la suma de $158.34 y así modificada quedará confirmada.*